

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID K. NORVELLE AND<br>SYLVIA D. NORVELLE,<br><br>    Plaintiffs,<br><br>VS.<br><br>PNC MORTGAGE, A DIVISION OF<br>PNC BANK NATIONAL ASSOCIATION,<br>AND FAIRWAY INDEPENDENT<br>MORTGAGE CORPORATION,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 4:13-CV-410-A |

MEMORANDUM OPINION
and
ORDER

Now before the court is the notice of removal filed in the above-captioned action by defendant PNC Mortgage, a Division of PNC Bank National Association ("PNC"). PNC has alleged diversity of citizenship under 28 U.S.C. § 1332 as the basis for removal. Having considered the notice of removal and the second amended state court petition of plaintiffs, David K. Norvelle and Sylvia D. Norvelle, attached thereto, the court concludes that PNC has failed to sufficiently allege that this court has subject matter jurisdiction, and that the case should be remanded to the state court from which it was removed.

I.

Background

Plaintiffs initiated this action by filing their original petition against PNC and Fairway Independent Mortgage Corporation ("Fairway")[1] in the District Court of Tarrant County, Texas, 236th Judicial District, as Cause No. 236-265256-13. PNC alleges that the court has subject matter jurisdiction because there is complete diversity of citizenship between plaintiffs and PNC, and an amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.

In the prayer of their petition, plaintiffs do not state a specific amount of damages. However, PNC contends that, because plaintiffs included a statement in the jurisdictional section of their petition that they were seeking "monetary relief of $100,000 or less and non-monetary relief," that the amount in controversy requirement is satisfied. PNC also contends that, in the context of foreclosure proceedings, the proper measure of the amount in controversy is the value of the subject property, which PNC asserts is $118,600.00. PNC argues that the value of the property plus the unspecified damages requested by plaintiffs

---

[1] PNC contends that Fairway, a Texas corporation, was improperly joined to defeat diversity jurisdiction, and, therefore, complete diversity exists. Because the court concludes that the amount in controversy requirement for diversity jurisdiction has not been satisfied, the court need not determine whether joinder of Fairway was proper.

2

satisfy the amount in controversy. In support of its position, PNC cites to legal authority standing for the proposition that the right, title, and interest plaintiffs have in the property constitutes the proper measure of the amount in controversy in an action such as this one, where a party could be divested of the property entirely. Notice of Removal at 6-8.

After having carefully evaluated the notice of removal and all state court documents, and after reviewing applicable legal authorities, the court is unpersuaded that the amount in controversy in this action meets or exceeds the required amount.

II.

Basic Principles

The court begins with a statement of basic principles announced by the Fifth Circuit:

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district court would have original jurisdiction. "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2001). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict

3

construction of the removal statute." <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 365-66 (5th Cir. 1995) (citation omitted). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy for the purpose of establishing diversity jurisdiction, the court ordinarily looks to the plaintiff's state court petition. <u>Manguno</u>, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy is greater than $75,000, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing by a preponderance of the evidence that the amount in controversy exceeds that amount. <u>Id.</u>; <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective of the plaintiff. <u>Vraney v. Cnty. of Pinellas</u>, 250 F.2d 617, 618 (5th Cir. 1958) (per curiam). In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation," or "the value of the right to be protected or the extent of the injury to be prevented." <u>Leininger v. Leininger</u>, 705 F.2d 727, 729 (5th Cir. 1983).

III.

Analysis

Plaintiffs' petition does not make a demand for a specific amount of damages, does not specify a dollar amount of recovery sought that is at least $75,000.00, and does not define with specificity the value of the right it seeks to protect or the extent of the injury it seeks to prevent. As a result, the court evaluates the true nature of plaintiffs' claims to determine the amount actually in controversy between the parties.

The true nature of this action is to maintain possession of residential property plaintiffs used as security for the making of a loan. As the petition alleges, plaintiffs pursue these goals by seeking an order (1) barring any foreclosure or forcible detainer proceedings, and (2) awarding unspecified damages and attorney's fees. Notice of Removal, Ex. A at 6, 9-10. Thus, considering plaintiffs' original petition, the court has not been provided with any information from which it can determine that the value to plaintiffs of such relief is greater than $75,000.00.

PNC contends that the statement in the petition that plaintiffs seek "monetary relief of $100,000.00 or less" conclusively satisfies the amount in controversy requirement; however, this statement in the petition relates more to general

jurisdictional requirements of the District Court of Tarrant County than it does to the specific value of the relief plaintiffs are seeking. Furthermore, the phrase "monetary relief of $100,000.00 or less" lacks any precision or specificity, could represent any figure within a wide range of dollar amounts, and, without more, is hardly sufficient to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

PNC also contends that the fair-market value of the property should serve as the amount in controversy because plaintiff requests equitable relief to enjoin defendant from foreclosing on the property. Notice of Removal at 6-7. PNC relies on the oft-cited argument that when equitable relief is sought, the amount in controversy is measured by the value of the object of the litigation, and when a mortgagor is attempting to protect his property, the fair market value of the property is the amount in controversy. In its notice of removal, PNC suggests that the value of the property is approximately $118,600.00.

The court is not persuaded by the argument that the above figure supplies the basis for plaintiffs' interest in the property, especially given that plaintiffs have not pleaded how much equity they have in the property. PNC does not cite to, nor can the court discern, any such statement in the petition to support a finding that the value of the property is the amount in

6

controversy. That is, for example, PNC's attribution of the $118,600.00 figure as damages is an act of its own doing--not plaintiffs'. To the extent that these statements suggest that the property value is the proper measure of the amount in controversy in this action, the court rejects that argument.[2]

PNC contends that plaintiffs are seeking outright ownership of the property free and clear of any debt, and, therefore, the amount in controversy requirement is met. PNC asserts that because plaintiffs allege that PNC had no right to foreclose on the property or to interfere with plaintiffs' use and enjoyment of the property, plaintiffs seek to quiet title, and plaintiffs fail to allege that they would make the agreed mortgage payments, then plaintiffs are claiming ownership free of any debt whatsoever.

Clearly, the sole goal of plaintiffs' action is to avoid or delay a foreclosure sale and to be able to retain possession of the property. Nothing is alleged that would assign a monetary

---

[2] The court is familiar with the unpublished Fifth Circuit opinion, Nationstar Mortg. LLC v. Knox, 351 F. App'x 844 (5th Cir. 2009). The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action. See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011).

7

value to plaintiffs' accomplishment of those goals. While plaintiffs appear to request equitable relief based on a claim that they are entitled to hold legal title in the property, they do not assert that such relief is based on a claim that they have outright ownership of the property, free from any indebtedness. Indeed, plaintiffs make statements to suggest that their ownership of the property *is* encumbered by a debt, as the petition describes a note and deed of trust and "mortgage transaction," and questions whether PNC is the rightful owner or holder of the note and deed of trust. The value to plaintiffs of their rights in the litigation is, at most, the value of their interest in the property, not the value of the property itself. Thus, PNC has not established the value of plaintiffs' interest in the property.

PNC has not proven by a preponderance of the evidence that the amount actually in controversy in this action exceeds the sum or value of $75,000.00, excluding interest and costs. Consequently, the court is remanding the case to the state court from which it was removed, because of the failure of PNC to persuade the court that subject matter jurisdiction exists.

IV.

Order

For the reasons given above,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED August 6, 2013.

_____
JOHN McBRYDE
United States District Judge